United States District Court
Western District of New York

Kenneth J. Lightner, 13B3352



VS

New York State Dept. of Corrections and Community Supervision,
Southport Correctional Facility Superintendant S. Wenderlich,
Southport Correctional Facility

Case #6:15-cv-06195 EAW
Amended Complaint

Statement of Jurisdiction

This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, 1343 (3) and (4), 2201, and 2000

Parties to this Action
Plaintiff: Kenneth Joshua Lightner 13B3352
   Five Points Correctional Facility
   State Route 96, P.O. Box 119
   Romulus, New York  14541

Page 1

Defendants:

1) S. Wenderlich - Superintendant of Southport Corr. Facility
   236 Bob Masia Dr.
   Pine City, New York 14871

2) Southport Correctional Facility
   236 Bob Masia Dr
   Pine City, New York 14871

3) New York State Department of Corrections and Community Supervision
   Harriman State Campus, Bld #2
   1220 Washington Ave
   Albany, New York 12226

Defendant S. Wenderlich is being sued in official and individual capacities.

Plaintiff Kenneth J. Lightner requests trial by jury.

There have been no other lawsuits in State or Federal court dealing with the same facts involved with this action.

There have been no other lawsuits in Federal court relating to my imprisonment

All administrative remidies have been fully exhausted.

PAGE 2

First claim: Southport Corr. Facility violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof without a penological intrest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Nov. 25th 2014 I filed a grievence with the Southport Corr. Facility about the lack of provision of halal food for muslims, noting that kosher is provided for Jewish inmate's and a alternative for Rastafarian inmates in which niether diets are vegitarian while muslims are forced to be vegitarians and coerced into another faith. Southport Corr. Fac. denied the grievence relying on current policy. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Second claim: S. Wenderlich, Sup. of Southport Corr. Fac. violated R.L.U.I.P.A. and created a substantial burden on my religious liberty and the exercise thereof without a penological intrest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Dec. 15, 2014 I appealed Southport Corr. Fac. decision to deny religious diet to S. Wenderlich, re-illuminating the practice of accomidating other faiths but not Muslims. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Third claim: N.Y.S.D.O.C.C.S. violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise there of without a penological intrest and without attempting the least restrictive means by denying me a diet in accordance with Islamic faith. On Dec. 18th 2014 I appealed S. Wenderlich's decision to NYSDOCCS. NYSDOCCS affirmed the denial. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Fourth claim: Southport Corr. Facility violated the First Amendment and created a substantial burden on my religious liberty and the exercise there of without a penological intrest and without attempting the least restrictive means by denying me me a diet in accordance with my Islamic faith. On Nov. 25th 2014 I filed a grievence with the Southport Corr. Facility about the lack of provision of halal food for muslims, noting that kosher is provided for Jewish inmates and a alternative for rastafarian's inmates in which niether diets are vegitarian while muslims are forced to be vegitarians and coerced into another faith. Southport Corr. Facility denied the grievence relying on current policy. The Constitutional basis for this claim is the First Amendment.

Fifth Claim: S. Wenderlich, Sup. of Southport Corr. Facility violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Dec. 15 2014 I appealed Southport Corr. Fac. decision to deny religious diet to S. Wenderlich re-illuminating the practice of accomodating other faiths but not muslims. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the First Amendment.

Sixth Claim: NYSDOCCS violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Dec. 18, 2014 I appealed S. Wenderlich's decision to NYSDOCCS. NYSDOCCS affirmed the denial. The Constitutional basis for this claim is the First Amendment.

Seventh Claim: Southport Corr. Facility violated the equal protection clause of the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Nov. 25th 2014 I filed a grievance with Southport Corr. Fac. about the lack of provision of halal food for muslims while kosher food is provided to jewish inmates and alternative provided to Rastafarian inmates, noting that both accommodations include meat while muslims are forced into being vegitarians and coerced into another faith. Southport Corr. Fac. denied the grievance relying on current policy. The Constitutional basis for this claim is the Fourteenth Amendment.

Eighth Claim: S. Wenderlich violated the equal protection clause of the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Dec. 15th 2014 I appealed Southport Corr. Fac. decision to deny religious diet to S. Wenderlich re-illuminating the practice of accomodating other faiths but not muslims. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the Fourteenth Amendment.

Ninth Claim: NYSDOCCS violated the equal protection clause of the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest and without attempting the least restrictive means by denying me a diet in accordance with my Islamic faith. On Dec. 18 2014 I appealed S. Wenderlich's decision to deny religious diet to NYSDOCCS reilluminating the practice of accomodating other faiths but not muslims. NYSDOCCS affirmed the denial. The Constitutional Basis for this claim is the Fourteenth Amendment.

Tenth Claim: Southport Corr. Fac. violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof, and coerced me into choosing a different religion other than my own by denying me participation in Islamic study without penological interest or attempting the least restrictive means. On Dec. 5th 2014 I filed a grievance with Southport Corr. Facility over the Facilities refusal to allow me to participate in religious study, namely a correspondence course from Islamic Online University, illuminating that the Facilities alternatives were secular, Catholic, Christian or Jewish study and schools. Southport Corr. Fac. denied grievance and re-asserted that I could chose a secular school or opt for a different religion. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Eleventh Claim: S. Wenderlich violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof and coerced me into choosing a different religion other than my own by denying me participation and study of Islamic faith. On Dec. 15th 2014 I appealed Southport Corr. Fac. decision to S. Wenderlich re-illuminating and outlining the substantial burden and coercion of the position and policy being enforced. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Twelfth Claim: NYDOCCS violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof and coerced me into choosing a different religion other than my own. On Dec. 30th 2014 I appealed S. Wenderlich's decision to deny religious study to NYDOCCS. NYDOCCS marginally changed the determination of the grievance stating that I could be allowed to study Islam but only if the local level permitted it. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Thirteenth Claim: Southport Corr. Fac. violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof and coerced me into choosing a different religion other than my own without a penological interest or attempting the least restrictive means by denying me participation in Islamic study. On Dec. 5th 2014 I filed a grievance with Southport Corr. Fac. over its refusal to permit me participation in Islamic correspondence course from Islamic Online University and the facilities alternative option to chose secular, Catholic, Christian or Jewish school and study. Southport Corr. Fac. denied the grievance. The Constitutional basis for this claim is the First Amendment.

Fourteenth Claim: S. Wenderlich violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof and coerced me into choosing a religion other than my own without a penological interest or attempting the least restrictive means by denying me participation in Islamic study. On Dec. 15th 2014

PAGE 5

I appealed Southport Corr. Facility decision to deny study to S. Wenderlich reillaminating and outlining the substantial burden and coercion of the position and policy being enforced. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the First Amendment.

Fifthteenth Claim: NYSDOCCS violated the First amendment and created substantial burden on my religious liberty and the exercise thereof and coerced me into choosing a religion other than my own. On Dec. 30th 2014 I appealed S. Wenderlich's decision to deny religious study to NYSDOCCS. NYSDOCCS marginally changed the determination of the grievence stating that I could be allowed to study Islam if the local level permitted it. The Constitutional basis for this claim is the First Amendment.

Sixthteenth Claim: Southport Corr. Fac. violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof by denying me attendance to congragate religious services without penological intrest or attempting the least restrictive means. On Dec. 17th 2014 I filed grievence due to Southport Corr. Fac. denial of attendance to congragate religious services pointing out several case law citations that permit attendance even if inmate is confined in Special Housing unit as long as inmate is non-violent. Southport Corr. Facility denied grievence after changing it from "religious services" to "prayer outside the cell". The Constitutional basis for this claim is the R.L.U.I.P. Act.

Seventeenth claim: S. Wenderlich violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof without a penological intrest or attempting the least restrictive means by denying me attendance to congragate religious services. On Dec. 27th 2014 I appealed Southport Corr. Fac. decision to deny my attendance to congragate religious services to S. Wenderlich restating my arguement and reasons attendance should be granted. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Eighteenth Claim: NYSDOCCS violated R.L.U.I.P. Act and created a substantial burden on my religious liberty and the exercise thereof without a penological interest or attempting the least restrictive means by denying me attendance to congragate religious services. On Jan. 1st 2015 I appealed to NYSDOCCS the determination by S. Wenderlich, restating the points of my arguement. NYSDOCCS affirmed the denial. The Constitutional basis for this claim is the R.L.U.I.P. Act.

Nineteenth Claim: Southport Corr. Fac. violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological intrest or attempting the least restrictive means by denying me

attendance to congregate religious services without a penological interest or attempting the least restrictive means. On Dec. 17th 2014 I filed grievence due to Southport Corr. Fac. denial of attendance to congregate religious services pointing out several case law citations that permit attendance even if inmate is confined to special housing unit as long as inmate is non-violent. Southport denied grievence after changing the wording in it from "religious services" to "prayer outside the cell". The Constitutional basis for this claim is the First Amendment.

Twentieth Claim: S. Wenderlich violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest or attempting the least restrictive means by denying me attendance to congregate religious services. On Dec. 29th 2014 I appealed Southport Corr. Fac. decision to deny my attendance to congregate religious services to S. Wenderlich restating my argument and reasons attendance should be granted. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the First Amendment.

Twentyfirst Claim: NYSDOCCS violated the First Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest or attempting the least restrictive means by denying me attendance to congregate religious services. On Jan. 1st 2015 I appealed to NYSDOCCS the determination by S. Wenderlich restating the points of my argument. NYSDOCCS affirmed the denial. The Constitutional basis for this claim is the First Amendment.

Twenty Second claim: Southport Corr. Fac. violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof by denying me attendance to congregate religious services without a penological interest or attempting the least restrictive means. On Dec. 17th 2014 I filed grievence due to the denial of attendance to congregate religious services. Southport Corr. Fac. denied this grievence. The Constitutional basis for this claim is the Fourteenth Amendment.

Twenty Third claim: S. Wenderlich violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest or attempting the least restrictive means by denying me attendance to congregate religious services. On Dec. 29th 2014 I appealed to S. Wenderlich the determination of Southport Corr. Fac. to deny attendance to congregate religious services. S. Wenderlich affirmed the denial. The Constitutional basis for this claim is the Fourteenth Amendment.

Twenty Fourth claim: NYSDOCCS violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof without a penological interest or attempting the least restrictive means by denying me

PAGE 7

attendance to congregate religious services. On Jan. 1st 2015 I appealed to NYSDOCCS the determination of S. Wenderlich to deny attendance to congregate religious services. NYSDOCCS affirmed the denial. The Constitutional basis for this claim is the Fourteenth Amendment.

Twenty Fifth Claim: Southport Corr. Fac. violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof and coerced me to chose a religion other than my own without a penological interest or attempting the least restrictive means by denying me participation in Islamic study from the Islamic Online University. On Dec 5th 2014 I filed a grievance with Southport Corr. Fac. over its refusal to permit me participation in Islamic study and that the offered alternative was secular, catholic, christian or jewish schools and study. Southport Corr. Fac. denied the grievance and recommended I chose from the alternatives provided. The Constitutional basis for this claim is the Fourteenth Amendment.

Twenty Sixth Claim: S. Wenderlich violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof and coerced me to chose a religion other than my own by denying me participation in Islamic study course. On Dec 15th 2014 I Appealed the determination of denial by Southport Corr. Fac. to S. Wenderlich. S. Wenderlich affirmed the denial and recommended I chose from the alternatives provided. The Constitutional basis for this claim is the Fourteenth Amendment.

Twenty Seventh claim: NYSDOCCS violated the Fourteenth Amendment and created a substantial burden on my religious liberty and the exercise thereof and coerced me to chose a religion other than my own by denying me participation of Islamic study course. On Dec. 30th 2014 I appealed the determination of S. Wenderlich to deny Islamic study to NYDOCCS. NYDOCCS altered the determination marginally, in that participation could be permitted by the local level. The Constitutional basis for this claim is the Fourteenth Amendment.

The relief and damages sought are injunctive, that Islamic study be allowed to inmates, that Halal food be made available, that attendance to congregate Religious services be granted and compensatory, One hundred thousand dollars for each violation of First & Fourteenth Amendments, totaling One Million Eight hundred thousand dollars.

I, Kenneth J. Lichtner, declare under penalty of perjury that the foregoing is correct and true.
Executed on Nov. 23rd 2015                                    Signature of Plaintiff

PAGE 8

To: Clerk of U.S. District Court
Date: 11/23/15
RE: Case # 6:15-cv-06195 EAW
From: Ken Lightner - 13B3352

    Here is my Amended complaint for filing. Please note that I no longer reside at Attica Corr. Facility and continuance to send letters to me there will result in at least 3 weeks of delay. I received my time extension order granted on 10/26/15 on 11/22/15 — 8 days before the due date! I'm assuming my first letter updating your office & the court got lost. Please use the new address provided below and on the envelope this letter came in for future correspondence. Thank-you in advance and Happy Holidays!

C.C. Hon. Frank P. Geraci

In Firm Faith
*[signature]*

Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541



FIVE POINTS CORRECTIONAL FACILITY
STATE ROUTE 96, P.O. BOX 119
ROMULUS, NEW YORK 14541

NAME: Ken Lichtner   DIN: 13B3352   LOC: 12-A2-42

Clerk, U.S. District Court
United States Courthouse
Rochester NY. 14614-1387

* Legal
  Mail *