PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDUL-LATIF LIGHTNER,
f/k/a KENNETH J. LIGHTNER,

    Plaintiff,

v.

NEW YORK STATE DEPT. OF CORRECTIONS AND COMMUNITY SUPERVISION; KAREN BELLAMY, Sup. of Southport Corr. Fac.; S. WENDERLICH; and SOUTHPORT CORRECTIONAL FACILITY;

    Defendants.

ORDER
6:15-CV-6195 EAW

---

## INTRODUCTION

Plaintiff Abdul-Latif Lightner ("Plaintiff"), formerly known as Kenneth J. Lightner,[1] has filed an Amended Complaint (Dkt. 8) in response to the Court's Order dated September 30, 2015 (Dkt. 6). Plaintiff claims that the defendants, New York State Department of Corrections and Community Supervision, Superintendent of Southport Correctional Facility S. Wenderlich, and Southport Correctional Facility, violated his constitutional rights with regard to his freedom to practice religion. The Amended Complaint no longer names Karen Bellamy as a defendant and adds a request for injunctive relief. For the reasons discussed below, several of Plaintiff's claims must be

---

[1] Plaintiff has informed the Court that he has legally changed his name and has requested that the caption be amended to reflect this change. (Dkt. 10). To avoid confusion, the caption of the action is changed to reflect the name Plaintiff was known by when he filed the action and when the events involved occurred, as well as Plaintiff's new name.

dismissed under 28 U.S.C. § 1915(e)(2)(B) and the remaining claims will be served on Defendant S. Wenderlich as directed below.

## DISCUSSION

Plaintiff alleges that a substantial burden was placed on his religious liberty and exercise of his religion without penological purpose in violation of Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fourteenth Amendment.[2] (Dkt. 8 at 3-8). Specifically, Plaintiff alleges: (1) he was denied a Halal diet in accordance with his Islam religion and instead was required to eat a vegetarian diet, coercing him to become another faith; (2) he and other Muslims are not provided a diet consistent with their faith that is not vegetarian, while inmates of other religions are provided non-vegetarian diets consistent with their faiths; (3) he and other Muslims are required to practice as vegetarians, which is not their faith; (4) he was only allowed to study Islam through the programs of other religions' institutions; and 5) he was denied congregate religious services. (*Id.*).

### RLUIPA Claims

Plaintiff was informed in the Court's September 30, 2015 Order that his claims under RLUIPA were subject to dismissal on the basis that he had requested only monetary damages, and that relief is not available under RLUIPA. (Dkt. 6 at 3-4). Plaintiff then amended his Complaint to request injunctive relief. Specifically, Plaintiff

---

[2] Although Plaintiff's Amended Complaint alleges that Plaintiff has claims under the Fourteenth Amendment in addition to the Fourteenth Amendment Equal Protection Clause claims, the Court finds no factual basis for the asserted additional Fourteenth Amendment claims.

- 2 -

requested various changes in the conditions of his confinement. (Dkt. 8 at 8). However, Plaintiff's RLUIPA claims for injunctive relief must also be dismissed, because these claims became moot when Plaintiff was released from prison.[3] *See Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008) ("Where a prisoner has been *released* from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot.") (emphasis in original). Therefore, Plaintiff's RLUIPA claims are dismissed.

**Eleventh Amendment Immunity**

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "An official arm of a state," such as the Department of Corrections and Community Supervision, or its subdivision, Southport Correctional Facility, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). Accordingly, Plaintiff's claims against the Department of Corrections and Community Supervision and Southport Correctional Facility are dismissed.

To the extent that Plaintiff seeks to assert claims against Defendant S. Wenderlich in his official capacity for monetary damages, those claims must be also be dismissed as barred by the Eleventh Amendment. "Claims against state employees in

---

[3] In a letter dated March 25, 2016, Plaintiff informed the Court that he had been released from the custody of DOCCS and had returned to Texas to live with family members. (Dkt. 11).

their official capacity are deemed claims against the state itself, and are barred by the Eleventh Amendment." *Coleman v. Beale*, 636 F. Supp. 2d 207, 212 (W.D.N.Y. 2009).

**Claims against Defendant S. Wenderlich**

Plaintiff has sufficiently alleged claims against Defendant S. Wenderlich in his individual capacity under the First Amendment and the Equal Protection clause of the Fourteenth Amendment for purposes of this screening order, and these claims may go forward as pleaded in the Amended Complaint.

## CONCLUSION

For the reasons set forth above, several of Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The U.S. Marshal is directed to serve the Summons and Amended Complaint on Defendant S. Wenderlich regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that the RLUIPA claims are dismissed with prejudice;

FURTHER, that the Clerk of Court is directed to terminate Defendants New York State Department of Corrections and Community Supervision, Southport Correctional Facility, and Bellamy as parties to this action, such that Defendant S. Wenderlich is the only remaining party listed in the caption of the case;

FURTHER, that the Clerk of Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon Defendant S. Wenderlich without Plaintiff's payment therefor,

unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;[4] and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the Defendant is directed to answer the complaint.

SO ORDERED.

_____
Elizabeth A. Wolford
United States District Judge

DATED:   July 11, 2016
         Rochester, NY

---

[4]   Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed. R. Civ. P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.