UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

**KENNETH LIGHTNER, #13-B-3352**,

                *Plaintiff*,                **MEMORANDUM OF LAW**

                -against-                **15-CV-6195**

**SUPT. WENDERLICH, et al.**,

                *Defendants*.
───────────────────────────────

## I.  Preliminary Statement

Plaintiff, an inmate, alleges that while incarcerated in the Special Housing Unit ("SHU") at Southport Correctional Facility, as a result of his religious designation as a Muslim, he was given a diet that did not contain sufficient quantities of meat, denied participation in communal religious services, and denied the ability to participate in an online Islamic study course which was offered by an online university which was not accredited by an organization recognized by the United States Department of Education.  (Docket No. 8, pp. 4-8)  Plaintiff brings these claims under the First and Fourteenth Amendments against Superintendent Wenderlich.  All other claims have been dismissed. (Docket No. 12)

As detailed below, the first two of Plaintiff's claims have been addressed previously by other New York Federal Courts, which found that the diet provided Muslim inmates and the denial of communal religious services to SHU inmates were constitutional.  Even if this Court were to determine that those cases were wrongly decided, Defendant relied on these cases in making the determinations affecting Plaintiff, and in so doing is entitled to qualified immunity.

1

The requirement courses be from accredited institutions has never been challenged, much less overturned, and the Superintendent reasonably relied on this in enforcing the Directive.

## II.  Fed. R. Civ. P. 12(b)(6) Standard

The U.S. Supreme Court, in Bell Atl. Corp. v. Twombly, 550 U.S. 554 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Id. at 555 (citations and internal quotations omitted). See also, ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting Bell Atl. Corp. v. Twombly) (footnote omitted); Iqbal v. Hasty, 490 F.3d 143 (2d Cir. Jun. 14, 2007) (Indicating that Bell Atl. Corp. v.. Twombly adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. Burnette v. Carothers, 192 F.3d 52, 56 (1999), cert. denied, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." Hirsch v. Arthur Andersen & Co., 72 F.3d

1085, 1092 (2d Cir.1995) (citing In re American Express Co. Shareholder Litig., 39 F.3d 395, 400–01 n. 3 (2d Cir.1994)).  Inasmuch as Plaintiff is proceeding pro se, this Court must, of course, follow the directive of the Second Circuit, that:

> A pro se complaint should not be dismissed unless "it appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claims which would entitle [them] to relief." Conley v. Gibson, 355 U.S. 141, 45–46 (1957). When considering motions to dismiss a pro se complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000) (internal quotation marks omitted). This is especially true when dealing with pro se complaints alleging civil rights violations. See Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir.2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks omitted).

Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 145–146 (2d Cir.2002).

### III.  Claims Regarding Diet

Plaintiff claims to have been denied "a diet in accordance with my Islamic faith."  (Docket No. 8 p. 4) The basis for this claim is that Muslim inmates were given a diet which Plaintiff claims contained no meat.  See grievance SPT-59513-14, which Plaintiff references and appends in part.  It is appended in full to this Motion, as the Court may consider the entirety of documents referenced and relied upon in a complaint without converting and Motion to Dismiss to a Motion for Summary Judgment. (Declaration of Deutsch)  See Pierce v. Monell, 2007 U.S. Dist. LEXIS 103994, at *15 n.23 (N.D.N.Y. Sep. 10, 2007) ("in certain circumstances, the Court can rely on documents not attached to a plaintiff's complaint without converting a motion to dismiss into a motion for summary judgment. One of those circumstances is when the plaintiff's complaint relies on or references a document provided by the defendant in support of its motion to dismiss.")(Collecting cases, n.21)

Although Plaintiff's allegation is not true - the diet provided Muslim inmates in Southport

3

contained chicken, fish and eggs on a weekly basis and on holidays - Defendant will not rely upon that fact for purposes of this Motion. Such argument is preserved for summary judgment, if necessary.

Instead, the relevant point is that the diet provided Plaintiff was reviewed by the Courts and found acceptable. In Abdul-Malik v. Goord, 1997 U.S. Dist. LEXIS 2047 (S.D.N.Y. Feb. 26, 1997), plaintiff-inmates made the exact same argument put forth by Plaintiff; that Muslim inmates should be provided meat several times a week in the same manner as Jews receiving kosher meals, and that failure to do so was a violation of the First and Fourteenth Amendments. The Court considered, analyzed, and rejected these claims. (Id.) Abdul-Malik has never been overturned, questioned or criticized, and has been cited favorably by many courts, from the WDNY to federal courts in districts outside the Second Circuit. See, e.g., Smith v. Nuttal, 2007 U.S. Dist. LEXIS 18354, at *26 (W.D.N.Y. Mar. 14, 2007)(dismissing claim Muslim inmates were entitled to meat in diet under Fourteenth Amendment); accord Hudson v. Maloney, 2004 U.S. Dist. LEXIS 5044, at *5 (D. Mass. Mar. 30, 2004)(upholding vegetarian diet for Muslim inmates, citing with approval Abdul-Malik's holding that "the failure of corrections officials to provide Halal meat to Muslim inmates, given the availability of alternative diets that did not offend Islamic teachings, did not violate the First Amendment or the Equal Protection Clause.")

Even assuming, *arguendo*, that the Court were to find that Abdul-Malik and all its progeny were wrongly decided, Superintendent Wenderlich nevertheless is entitled to qualified immunity, as it was objectively reasonable for him to rely on the numerous court decision to squarely address this issue, and have unanimously found the diet provided to be constitutional.

Qualified immunity generally protects government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

4

reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, even if the constitutional privileges "are so clearly defined that a reasonable public official would know that his actions might violate those rights, qualified . . . immunity might still be available . . . if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citation omitted)). A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194 (2001). Only if there is a constitutional violation does a court proceed to determine whether constitutional rights were clearly established at the time of the alleged violation. Judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Superintendent Wenderlich did not violate any of Plaintiff's clearly established statutory or constitutional rights. To the contrary, the Superintendent relied on explicit decisions of numerous federal courts in making his decisions.

### IV. Claims Regarding Congregate Religious Services

Plaintiff alleges he was denied congregate religious services while in SHU. See grievance SPT-59621-14, which Plaintiff references and appends in part. It is appended in full to this Motion for the reasons described above. (Declaration of Deutsch) As was noted in the responses to Plaintiff's grievance and appeals, DOCCS Directive 4933 § 304.9(d) expressly forbids congregate prayer to SHU inmates. (Id.) Plaintiff, therefore, argues that the Directive is unconstitutional under the First and Fourteenth Amendment.

These claim fail. As a threshold matter, Plaintiff's Fourteenth Amendment is difficult to

5

parse because he does not lay any Equal Protection grounds – in the Amended Complaint or the grievance – by claiming any other group was allowed congregate worship while in SHU. Regardless, courts, including the Second Circuit, have found Directive 4933§ 304.9(d) to be constitutional.  After a detailed analysis of Directive 4933 § 304.9(d) pertaining to the question of denying congregate worship to SHU inmates, a district court found it constitutional. Smith v. Artus, 2010 U.S. Dist. LEXIS 104660, at *70 (N.D.N.Y. Sep. 30, 2010)(holding "the enforcement of DOCS Directive 4933 § 304.9(d) is rationally related to a valid penological interest and is the least restrictive means of serving that interest…Accordingly, plaintiff has not established that his right to freely exercise his religion under the First Amendment Free Exercise Clause was violated because of his inability to attend congregate religious services while housed in Upstate SHU.")(collecting cases) On appeal, the Second Circuit considered the decision in Smith and reversed and remanded various other parts of the decision, but left intact that holding.  Smith v. Artus, 522 F. App'x 82 (2d Cir. 2013).  Accordingly, no constitutional violation occurred when the Superintendent enforced a directive with which numerous courts, including the Second Circuit, found no fault.

Even assuming, *arguendo*, that the Court were to find that Smith and all similar cases were wrongly decided, Superintendent Wenderlich nevertheless is entitled to qualified immunity, as it was objectively reasonable for him to rely on the numerous court decision to squarely address this issue, and have unanimously found the denial of congregate prayer to SHU inmates to be constitutional.

## V.  Claims Regarding Online Courses

Plaintiff alleges he was denied the ability to take a desired online course while in SHU. See grievance SPT-59564-14, which Plaintiff references and appends in part.  It is appended in

full to this Motion for the reasons described above. (Declaration of Deutsch)

Under Directive 4804(VII)(B)(2), inmates may take online courses from accredited institutions, if accredited by organizations recognized by the United States Department of Education. (Id.)  Plaintiff maintains a cause of action because he was not permitted to take courses from an unaccredited institution.  Plaintiff therefore argues that he has a constitutional right to take online courses from unaccredited institutions, and refusing to allow him to do so violated his First and Fourteenth Amendment rights.

These claim fail.  As a threshold matter, Plaintiff's Fourteenth Amendment is difficult to parse because he does not lay any Equal Protection grounds – in the Amended Complaint or the grievance – by claiming any other group was allowed to take online courses from unaccredited institutions while in SHU.  Additionally, while Plaintiff's claim that he did not have access to Islamic courses is untrue – numerous accredited online courses provided Islamic study courses – for purposes of this Motion Defendant does not rely on that fact.  Rather, dismissal is warranted because no constitutional rights were violated.  Plaintiff was welcome to take a course from any accredited institution.  Plaintiff does not claim – nor can he reasonably claim – that his religion dictates that he take online courses from unaccredited academic institutions.

Even assuming, *arguendo*, that the Court were to find that Plaintiff had a First or Fourteenth Amendment right to take courses from unaccredited academic institutions, Superintendent Wenderlich nevertheless is entitled to qualified immunity.  Directive 4804(VII)(B)(2), has never been challenged, much less overturned, as best counsel can determine.  It was objectively reasonable for Superintendent Wenderlich to rely on an unchallenged Directive which is neutral in language and application, and which fulfills an obvious security purpose.

## VI.  Conclusion

The Complaint should be dismissed in its entirety.

Dated:  September 19, 2016
      Rochester, New York

                      ERIC T. SCHNEIDERMAN
                      Attorney General of the State of New York
                      Attorney for Defendant

                      s/Hillel Deutsch_____
                      HILLEL DEUTSCH
                      Assistant Attorney General of Counsel
                      NYS Office of the Attorney General
                      144 Exchange Boulevard, Suite 200
                      Rochester, New York 14614
                      Telephone: (585) 546-7430
                      hillel.deutsch@ag.ny.gov

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2016, I electronically filed the foregoing Memorandum of Law on behalf of the Defendant with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. n/a

And, I hereby certify that I have mailed, by the United States Postal Service, a copy of the document to the following non-CM/ECF participant(s):

1. Kenneth Lightner
   4909 Woodstone Dr.
   Suite 2205
   San Antonia. TX 78230

>ERIC T. SCHNEIDERMAN
>Attorney General of the State of New York
>Attorney for Defendant
>
>s/Hillel Deutsch
>HILLEL DEUTSCH
>Assistant Attorney General of Counsel
>NYS Office of the Attorney General
>144 Exchange Boulevard, Suite 200
>Rochester, New York 14614
>Telephone: (585) 546-7430
>Hillel.Deutsch@ag.ny.gov